UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br><br> v. <br><br> VIA VALENCIA/VIA VENTURA HOMEOWNERS ASSOCIATION, et al., <br><br> Defendants. | Case No. 2:16-cv-00274-APG-PAL <br><br> ORDER <br><br> (Ex Parte Mot Remove – ECF No. 39) |
| BANK OF AMERICA N.A., <br><br> Plaintiff, <br><br> v. <br><br> SUNRISE RIDGE, et al., <br><br> Defendants. | Case No. 2:16-cv-00408-RFB-PAL <br><br> (Ex Parte Mot Remove – ECF No. 35) |
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br><br> v. <br><br> HARTRIDGE HOMEOWNERS ASSOCIATION, et al., <br><br> Defendants. | Case No. 2:16-cv-00409-KJD-PAL <br><br> (Ex Parte Mot Remove – ECF No. 32) |
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br><br> v. <br><br> ANTELOPE HOMEOWNERS' ASSOCIATION, et al., <br><br> Defendants. | Case No. 2:16-cv-00449-JCM-PAL <br><br> (Ex Parte Mot Remove – ECF No. 25) |

|   |   |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>               Plaintiff,<br><br>   v.<br><br>LAKEVIEW OWNERS' ASSOCIATION, et al.,<br><br>              Defendants. | Case No. 2:16-cv-00635-APG-PAL<br><br>(Ex Parte Mot Remove – ECF No. 34) |
| BANK OF AMERICA, N.A.,<br><br>               Plaintiff,<br><br>   v.<br><br>TRAVATA AND MONTAGE AT SUMMERLIN CENTRE HOMEOWNERS' ASSOCIATION, et al.,<br><br>              Defendants. | Case No. 2:16-cv-00699-GMN-PAL<br><br>(Ex Parte Mot Remove – ECF No. 41) |
| BANK OF AMERICA, N.A.,<br><br>               Plaintiff,<br><br>   v.<br><br>WARM SPRINGS RESERVE OWNERS ASSOCIATION, et al.<br><br>              Defendants. | Case No. 2:16-cv-00844-RFB-PAL<br><br>(Ex Parte Mot Remove – ECF No. 20) |

Before the court are H. Sunny Jeong's Ex Parte Motions to Withdraw and Remove Counsel from Service List. Ms. Jeong advises that, while affiliated with the law firm of Lipson, Nielson, Cole, Seltzer & Garin, P.C. ("LNCSG"), she previously represented each Defendant listed in the above-entitled cases. Ms. Jeong is no longer affiliated with LNCSG, and as such, no longer represents the above-named Defendants in each case. She therefore requests that she be withdrawn from the CM/ECF service list in these matters. None of the parties will be prejudiced by this withdrawal as they are all still represented by counsel.

Ms. Jeong's motions do not provide the legal authority for the ex parte filing or explain the need for filing ex parte, *i.e.*, filed with the court but not served on the opposing or other parties. *See* LR IA 7-2(a). Nothing in the Local Rules of Practice or the Federal Rules of Civil Procedure permit Ms. Jeong's request to be filed as ex parte communications. *See* LR IA 7-2(b). Some lawyers call their motions for relief ex parte when they are the only party requesting relief

1 from the court.  However the Local Rules define an ex parte request as a "motion or application
2 that is filed with the court but not served on opposing or other parties." *Id*. It appears the
3 motions were filed ex parte in error. As such, the Clerk of the Court will be instructed to unseal
4 Ms. Jeong's motions.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. The Ex Parte Motions to Withdraw and Remove Counsel from Service List are **GRANTED**.
2. The Clerk of the Court shall **UNSEAL** each of the Ex Parte Motions and make them available on the court's public docket.

DATED this 9th day of August, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE